REQUESTED BY: Allen Curtis, Director Nebraska Commission on Law Enforcement and Criminal Justice
You have requested the opinion of this office regarding several issues under the topic of whether members of the Nebraska Commission on Law Enforcement and Criminal Justice may send representatives to actively participate and vote in their place during Commission meetings. Your opinion also asks whether there is a different standard for appointed members and members at large. It is our opinion that Commission members can only send representatives to act in their place if the designated person generally has the right and obligation, due to his or her official position, to act in that Commission member's stead in any official matters. We believe these substitute representatives would have full voting rights.
Neb. Rev. Stat. § 81-1417 establishes the membership criteria for the Commission. Subsection (1) states:
 The Nebraska Commission on Law Enforcement and Criminal Justice shall consist of nineteen members. The membership shall include the Governor, the Attorney General, the Superintendent of Law Enforcement and Public Safety, the Director of Correctional Services, the chief of police or director of public safety of a city of more than two hundred thousand population, the chief of police or director of public safety of a city of less than two hundred thousand population, a district court judge, a county sheriff, a county attorney, a county commissioner, a mayor or city manager, a person involved with the control or prevention of juvenile delinquency, the chairperson of the Nebraska Police Standards Advisory Council, and six members, at least one of whom shall be a woman, from the public at large. The seven members of the council shall also be considered members of the commission acting as a special committee of the commission with limited powers and duties. A member of the commission may serve concurrently as a member of the council.
Neb. Rev. Stat. § 81-1417(1) (1994).
Had the Legislature intended that Commission members could send designees in their place, language to that effect could have been included in the statutes dealing with the Commission. There are no provisions in the statute or related statutes providing for substitute attendance. Since no such language was included, we can only assume the Legislature anticipated the Commission members would not have the ability to designate substitute representatives. Therefore, we believe that the members appointed to the Commission by the Governor cannot send substitute representatives to act in their stead.
There are also four Commissioners whose membership is established by virtue of their official position and are not appointed by the Governor. Pursuant to Neb. Rev. Stat. §81-1417(1), these are the Governor, the Attorney General, the Superintendent of Law Enforcement and Public Safety, and the Director of Correctional Services. As these individuals serve due to their official capacities as state officers, we believe that individuals specifically authorized to act in that official capacity in the absence of the individual officeholder may attend in that member's place.
Under this analysis, the Lieutenant Governor could attend in the Governor's absence, and a Deputy Attorney General could attend on behalf of the Attorney General. In order to attend with full rights as a Commission member, the substitute representative would have to hold a position authorizing him or her to act in that state officer's capacity during the officer's absence. The Lieutenant Governor and Deputy Attorneys General are able to exercise such authority. Assistants and other personnel in the member's office or agency would normally not be empowered with such authority.
Neb. Const. art. IV, § 16, specifically provides, "After January 1, 1975, the Lieutenant Governor shall serve on all boards and commissions in lieu of the Governor whenever so designated by the Governor." Neb. Rev. Stat. § 84-206 (1994) provides that the Deputy Attorney General "may do and perform, in the absence of the Attorney General, all the acts and duties that may be authorized and required to be performed by the Attorney General."
The Superintendent of Law Enforcement and Public Safety and the Governor appoint assistants to the Superintendent pursuant to Neb. Rev. Stat. §§ 81-2002 (1994) and 84-106 (1994). The statutes refer to the Superintendent's subordinates as assistants and subordinate officers rather than deputies. The statutes do not provide the Superintendent's assistants with the authority to perform all acts and duties of the Superintendent in his or her absence. It is our understanding that the Superintendent has historically delegated his authority to his subordinates to act in his absence and attend functions in his behalf. Although it is necessary to establish a chain of command in order to determine who will make command decisions in the Superintendent's absence, attending meetings of the Commission on Law Enforcement and Criminal Justice would not rise to that level of necessity. Membership on the Commission is outside the normal operating functions for the Nebraska State Patrol. Due to the absence of specific authority for the Superintendent's assistants to act in his stead, and that § 81-1417(1) does not provide for substitute representatives or designees, we conclude that the Superintendent's assistants and subordinates do not have the authority to attend and vote on behalf of the Superintendent.
Neb. Rev. Stat. § 83-922 (1994) provides that the Director of Correctional Services shall appoint assistant directors to head each of the department's divisions. As with the Superintendent of Law Enforcement and Public Safety, there are no provisions for a deputy director authorized to act in the Director's place in his or her absence. Neb. Rev. Stat. §83-924 (1994) enumerates the duties, powers, and responsibilities of assistant directors of Correctional Services. The enumerated powers do not include performing the functions of the Director in his or her absence. As the assistant directors do not have the general authority to act in the Director's place, we do not believe the assistant directors of Correctional Services are authorized to attend and vote at Commission meetings in place of the Director of Correctional Services.
For those persons authorized to attend meetings in place of a Commission member, namely the Lieutenant Governor and Deputy Attorneys General, the substitute representative would have the same powers as the member which they replace, including voting rights.
Sincerely,
 DON STENBERG Attorney General
 Timothy J. Texel Assistant Attorney General
Approved
Don Stenberg
Attorney General